IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VANESSA HERNANDEZ,

Plaintiff,

v.

LABORATORY CORPORATION OF AMERICA HOLDINGS,

Defendant.

Civil Action No.: 6:20-cv-1973-Orl-41DCI

**COMPLAINT**

COMES NOW the Plaintiff, VANESSA HERNANDEZ ("PLAINTIFF"), and files this Complaint against Defendant, LABORATORY CORPORATION OF AMERICA HOLDINGS ("DEFENDANT") respectfully stating unto the Court the following:

**GENERAL ALLEGATIONS**

1. This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANT for sexual harassment and retaliation in violation of Title VII.

2. At all material times, PLAINTIFF was a female citizen and resident of Hernando County, Florida.

3. At all material times, DEFENDANT was a Delaware corporation, with its principal place of business in Burlington, North Carolina. DEFENDANT provides laboratory services and operated inside a Walgreens in Hudson, Florida, which is where PLAINTIFF was subjected to sexual harassment while working for DEFENDANT.

**BACKGROUND**

4. On or about December 18, 2021, DEFENDANT hired PLAINTIFF to work as a phlebotomist through a staffing agency called AHS Staffing.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by Title VII.

7. At all relevant times, PLAINTIFF was qualified to perform her job as a phlebotomist.

8. In February 2022, DEFENDANT assigned PLAINTIFF to work at a Walgreens store in Hudson, Florida under a site supervisor named "Chad." On her second day working under his supervision, PLAINTIFF noticed that Chad would intentionally place himself in her personal space and at times he would get so close that she could smell his breath.

9. On February 24, 2022, PLAINTIFF bent over to pick something up, and Chad creepily pushed up against her so that she could feel his penis on her buttocks. PLAINTIFF told him to back up and also told him he was triggering her PTSD.

10. The following day, PLAINTIFF called Kelly Ferguson (Executive Administrator) for DEFENDANT about the incident, but nothing was done; and DEFENDANT continued to assign PLAINTIFF to work at the Hudson facility where the harassment continued under Chad's supervision.

11. On February 28, 2022, PLAINTIFF called and emailed her supervisor at the staffing agency to inform him of the incident and was told that he would investigate it.

12. DEFENDANT then placed PLAINTIFF on administrative leave pending the outcome of an investigation into her complaints.

13. Instead of remedying her complaints, DEFENDANT terminated PLAINTIFF in March

2022, telling her (through its staffing agency) that her contract was being terminated because she did not get along with her coworkers.

14. All conditions precedent to this action have occurred or been waived.

**COUNT I**
**TITLE VII-SEXUAL HARASSMENT-HOSTILE WORK ENVIRONMENT**

15. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

16. PLAINTIFF'S work environment was objectively and subjectively offensive.

17. The harassment about which PLAINTIFF complained was based on gender.

18. The above-described conduct was severe and/or pervasive.

19. DEFENDANT knew about PLAINTIFF'S complaints but failed to take any action to prevent the harassment from occurring.

20. As the actual, proximate, and legal result of DEFENDANT'S failure to address her concerns, PLAINTIFF suffered unwanted touching, emotional distress, lost wages and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, pre- and post-judgment interest, punitive damages, attorney's fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Title VII; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

**COUNT II**
**TITLE VII-RETALIATION**

21. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

22. PLAINTIFF engaged in statutorily protected activity by complaining to DEFENDANT that she was being subjected to sexual harassment by her supervisor.

23. Upon information and belief, as a result of her complaint, DEFENDANT terminated PLAINTIFF.

24. As the actual, proximate, and legal result of DEFENDANT terminating her, PLAINTIFF suffered emotional distress, lost wages and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, pre- and post-judgment interest, punitive damages, attorney's fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Title VII; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

**COUNT III**
**FCRA-SEXUAL HARASSMENT-HOSTILE WORK ENVIRONMENT**

25. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

26. PLAINTIFF'S work environment was objectively and subjectively offensive.

27. The harassment about which PLAINTIFF complained was based on gender.

28. The above-described conduct was severe and/or pervasive.

29. DEFENDANT knew about PLAINTIFF'S complaints but failed to take any action to prevent the harassment from occurring.

30. As the actual, proximate, and legal result of DEFENDANT'S inaction, PLAINTIFF suffered unwanted touching, emotional distress, lost wages and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other

economic relief, pre- and post-judgment interest, punitive damages, attorney's fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Title VII; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

**COUNT IV**
**FCRA-RETALIATION**

31. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

32. PLAINTIFF engaged in statutorily protected activity by complaining to DEFENDANT that she was being subjected to sexual harassment by her supervisor.

33. Upon information and belief, as a result of her complaint, DEFENDANT terminated PLAINTIFF.

34. As the actual, proximate, and legal result of DEFENDANT terminating her, PLAINTIFF suffered emotional distress, lost wages and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, unpaid wages, benefits and other economic relief, pre- and post-judgment interest, punitive damages, attorney's fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of Title VII; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

Dated: November 9, 2022

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.: 92265
309 NE 1st Street
Gainesville, FL 32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF